IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WANDA D. TYLER                                                                    PLAINTIFF

V.                                          5:10CV00048 JMM

BETTY BRADSHAW, President and CEO
Area Agency on Aging of Southeast Arkansas,
Personal and Official Capacity                                                    DEFENDANT

### ORDER

Pending before the Court is Defendant's Motion to Dismiss and Motion to Quash. Plaintiff responded to the Motion to Dismiss and asked the Court to allow her to amend her complaint. On April 20, 2010, the Court entered an Order granting Plaintiff's motion to amend her complaint. Plaintiff was directed to file an amended complaint on or before May 14, 2010. However, Plaintiff failed to do so. For the reasons set forth below, the Motion to Dismiss is GRANTED in part and DENIED in part. The Defendant's Motion to Quash is GRANTED.

In her complaint, Plaintiff claims that she was discriminated against by the Defendant Betty Bradshaw when her employment was terminated at the Area Agency on Aging of Southeast Arkansas. Plaintiff alleges that Bradshaw terminated her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 (Complaint at p. 2), her "rights secured under the Constitution and Laws of Congress which provide for the equal rights of it's citizens," and "due process." *Id*. at p. 3. Plaintiff has named Bradshaw as a defendant in her individual and official capacities.

I.      Standard Under Rule 12(b)(6)

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic*

*Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

  II.  <u>Discussion of the Law</u>

  A.  <u>Title VII</u>

 Title VII prohibits an employer from discharging an individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Title VII defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b).

Betty Bradshaw, in her individual capacity, is not an "employer" as that term is defined under Title VII and, therefore, is not subject to suit under Title VII in her individual capacity. Title VII prohibits discrimination in employment by "employers," not co-workers or supervisors. *Smith v. St. Bernards Regional Medical Center,* 19 F.3d 1254, 1255 (8th Cir. 1994) ("liability under 42 U.S.C. § 2000e(b) can attach only to employers."); *Bonomolo-Hagen v. Clay Central-Everly Community School Dist.,* 121 F.3d 446, 447 (8th Cir. 1997) ("supervisors may not be held individually liable under Title VII.")

Plaintiff's Title VII claim against Bradshaw in her official capacity is actually a claim against the Bradshaw as an "agent of" the employer, the Area Agency on Aging of Southeast Arkansas. *See* 42 U.S.C. § 2000e(b). In the Eighth Circuit, generally supervisors can be named in a Title VII case in their official capacity as agents for their employers. *Bales v. Wal-Mart*, 143 F.3d 1103, 1111 (8th Cir. 1998)("[s]upervisory employee[s] may be joined as a party defendant in a Title VII action, [but the] employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII."). This case is somewhat unusual because the employer, the Area Agency on Aging of Southeast Arkansas, has not been named as a defendant. However, Bradshaw has not argued that Plaintiff's Title VII claim against her in her official capacity should be dismissed. Therefore, this claim will proceed.

B.   Constitutional Claims

Plaintiff also claims that her right to due process and equal protection have been violated by the Defendant. "The Due Process Clause of the Fourteenth Amendment applies only to state actors, not federal actors or private parties." *Mooney v. Mid South Health Systems,* 2008 WL

276291, 3 (E.D.Ark., 2008) (citing *See Sullivan*, 526 U.S. at 50 & n. 8; *Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002)). "A fundamental principle of federal constitutional law is that private action, no matter how egregious, can not violate the equal protection or due process guarantees of the United States Constitution." *Medical Institute of Minnesota v. National Ass'n of Trade and Technical Schools,* 817 F.2d 1310, 1312 (8th Cir. 1987). Plaintiff's claims of constitutional violations must fail if the actions of Ms. Bradshaw are not attributable to the state or federal government.

In *Bailey v. Area Agency on Aging of Southeast Arkansas, Inc, et al,* Case Number PB-C-93-763 (E.D.Ar. May 23, 1995), Judge Wilson found that the Area Agency on Aging of Southeast Arkansas, Inc. is not a state actor. (*Id.* at p. 10.) Judge Wilson's ruling was summarily affirmed by the Eighth Circuit on March 11, 1996 in an unpublished opinion of the Court. *Bailey v. Area Agency on Aging of Southeast Ark, Inc.*, 78 F.3d 588 (8th Cir. 1996) (unpublished). It follows that Ms. Bradshaw, as President and CEO of the Area Agency on Aging of Southeast Arkansas, Inc., is also not a state actor and her actions are not attributable to the state or federal government. Accordingly, the Court finds that Plaintiff cannot raise a claim of entitlement to relief under the Due Process or Equal Protection clauses of the United States Constitution because the Defendant is not a state actor.

C.   Motion to Quash

Defendant asks the Court to quash the subpoena served upon Defendant's attorney on April 5, 2010. Defendant contends that the subpoena does not comply with Rule 45 of the Federal Rules of Civil Procedure and is not timely pursuant to Rule 26(f). The Court agrees. Plaintiff is directed to be familiar with the Federal Rules of Civil Procedure. Rule 26(d) states

that a party may not seek discovery prior to the conference required by Rule 26(f). The parties have not yet participated in a Rule 26(f) conference. Rule 45(a)(1)(A)(iii) states that a subpoena must specify the person to whom it is directed. Plaintiff's subpoena (Exhibit A to the motion to quash) does not specify who is commanded to produce the material requested. For these reasons, the Motion to Quash is GRANTED.

Further, Defendant contends that Mr. Floyd McNeal has identified himself as Plaintiff's "representative" in this action. 28 U.S.C. § 1654 provides, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Plaintiff, proceeding pro se, must prosecute her case personally, and may not do so through a non-attorney representative. If Plaintiff plans to employ an attorney to represent her in this case, Plaintiff is referred to Local Rule 83.5 which sets forth the eligibility requirements of attorneys appearing in this Court.

III.    Conclusion

Plaintiff has failed to set forth a claim for discrimination under Title VII against the Defendant in her individual capacity. Plaintiff has also failed to set forth a claim for a violation the United States Constitution. Plaintiff's claim against the Defendant in her official capacity under Title VII will proceed. Therefore, the Defendant's Motion to Dismiss (Docket # 12) is GRANTED in part and DENIED in part. The Motion to Quash (Docket # 21) is GRANTED.

IT IS SO ORDERED this 19th day of May, 2010.

_____
James M. Moody
United States District Judge