**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**WANDA D. TYLER** **PLAINTIFF**

**V.** **5:10CV00048 JMM**

**BETTY BRADSHAW, President and CEO**
**Area Agency on Aging of Southeast Arkansas,**
**Personal and Official Capacity** **DEFENDANT**

**ORDER**

Pending is the Defendant's Motion for Summary Judgment. Plaintiff has failed to respond. For the reasons set forth below, the Motion is GRANTED.

Undisputed Facts

Plaintiff, an African-American, was employed as a van driver for the Area Agency on Aging of Southeast Arkansas (the "Agency") for fourteen years. The Agency is a private, non-profit corporation that provides services for the elderly such as home nursing care, senior activity centers, and transportation. The Agency prohibits employees from engaging in financial transactions with its clients. This prohibition is clearly stated in the personnel policy of the Agency.(Def's Ex. A).

On October 17, 2009, Plaintiff was spending time with her cousin, Floyd McNeal ("Floyd"). According to Plaintiff, Floyd asked her if she knew of anyone who would loan him some money and she stated that she did not. During this conversation, Plaintiff was approaching the home of an Agency client, George Fletcher, to whom she delivered meals as part of her employment duties. Plaintiff stopped at Mr. Fletcher's home and asked if she could use his restroom. As she was leaving his restroom, Mr. Fletcher handed Plaintiff some money and told

her to give it to her cousin. Plaintiff asked Floyd what had happened. Floyd stated that Mr. Fletcher had agreed to loan him $60.00 and Floyd had agreed to pay it back on October 20, 2009.

Mr. Fletcher's daughter-in-law called the Agency on October 20, 2009 and reported the incident, including the fact that Mr. Fletcher had not been repaid. Betty Morris, Senior Center Employment Coordinator for the Agency was one of Plaintiff's supervisors. Ms. Morris, an African-American, investigated the allegation and recommended that Plaintiff be terminated. As a result, Plaintiff was terminated by the Defendant, Betty Bradshaw. Plaintiff had been suspended for five days without pay in 2002 for borrowing money from a client. (Def.'s Ex. B).

Plaintiff filed suit against the Defendant for alleged racial discrimination in violation of Title VII. The Defendant asks the Court to grant summary judgment in her favor because Plaintiff has failed to present evidence that the Defendant's stated reason for Plaintiff's termination was a pretext for racial discrimination.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e*., '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

<u>Discussion of the Law</u>

In order to establish a prima facie case of race discrimination in violation of Title VII, Plaintiff must show she (1) was a member of a protected class, (2) was qualified to perform her job, (3) suffered an adverse employment action, and (4) was treated differently from similarly-situated non-class member employees. *Thomas v. Corwin*, 483 F.3d 516, 529-530 (8th Cir. 2007) (citing *Hesse v. Avis Rent A Car Sys., Inc*., 394 F.3d 624, 631 (8th Cir. 2005)).

Because Plaintiff has failed to present direct evidence of discrimination, the Court will analyze her claims under the *McDonnell Douglas* analytical framework. First, Plaintiff must establish a prima facie case. Second, if the Plaintiff establishes a prima facie case, the Defendant must rebut the presumption of discrimination by producing evidence that the Plaintiff was terminated for a legitimate, nondiscriminatory reason. Third, if the Defendant carries this burden,

Plaintiff is entitled to the opportunity to show that the Defendant's articulated reason was in fact "not the true reason for the employment decision" and a "pretext for discrimination." *Kim v. Nash Finch Co.,* 123 F.3d 1046, 1056 (8th Cir. 1997) (internal citations omitted). "At the summary judgment stage, under the 1991 amendments to Title VII, the issue is whether the plaintiff has sufficient evidence that unlawful discrimination was a motivating factor in the defendant's adverse employment action. If so, then the presence of additional legitimate motives will not entitle the defendant to summary judgment. *M cCullough v. University of Arkansas for Medical Sciences,* 559 F.3d 855, 860-861 (8th Cir. 2009) (internal citations omitted).

Plaintiff has not shown that she was treated differently than non-class member employees, or white employees, who were similarly situated. There has been no evidence presented by Plaintiff that white employees of the Agency who had financial transactions with clients were not terminated by the Defendant. Therefore, Plaintiff has failed to establish a prima facie case of disparate treatment based upon her race.

Moreover, the Defendant has presented evidence that Plaintiff was terminated for the legitimate non-discriminatory reason of violating Agency personnel policy. Plaintiff has failed to present any evidence that her termination was merely a pretext for discrimination. Plaintiff was disciplined on several occasions for poor performance and for breaking the personnel policies of the Agency. She was warned that any further violations could result in her termination. After Plaintiff's supervisor investigated the alleged incident with Mr. Fletcher, Plaintiff was finally terminated. There is absolutely no evidence in the record to support Plaintiff's allegations that she was terminated because of her race.

For these reasons, Defendant's Motion for Summary Judgment (Docket # 38) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 2nd day of March, 2011.

James M. Moody
United States District Judge